## LAZZARA v. WISCONSIN BOXING CLUB.

Circuit Court of Appeals, Seventh Circuit.
December 4, 1928.

No. 4004.

Evan A. Evans, Circuit Judge, dissenting.

Raymond J. Cannon, of Milwaukee, Wis., for plaintiff in error.

George A. Burns, of Milwaukee, Wis., for defendant in error.

Before EVANS, PAGE, and ANDERSON, Circuit Judges.

PAGE, Circuit Judge. Excluding the averments in the declaration charging liability against the Wisconsin State Athletic Commission and the Fraternal Order of Eagles, former defendants herein, dismissed out of the case by consent, the allegations against the remaining defendant, the Wisconsin Boxing Club, amount to no more than this: That by an entire agreement, made in writing, plaintiff was to box 10 rounds, in consideration of which defendant was to pay him $10,000; that defendant refused to pay; that plaintiff did not box the 10 rounds because he was wrongfully prevented from doing so by a member of the Wisconsin Athletic Commission and its refeee. It is not claimed that they were the agents for, or under the control of, the defendant, or that defendant profited thereby. No cause of action is stated against defendant.

The decision of Judge Geiger is right, and the judgment affirmed.

EVAN A. EVANS, Circuit Judge (dissenting). Doubtless too much time has been consumed already in an effort to overcome the differences of opinion which were occasioned by the presentation of this writ of error. The writer, however, finds himself unable to subscribe to the views of the majority opinion, and is also unable to state the reasons for such disagreement in an opinion of desirable brevity.

Plaintiff sued to recover damages for a breach of a contract by him made with defendant the Wisconsin Boxing Club. The court dismissed the case on the pleadings because it found no cause of action stated in the complaint.

Plaintiff was a professional boxer, and, for a consideration of $10,000, to be paid by defendant, but furnished by the Fraternal Order of Eagles, agreed to box one Mitchell at Milwaukee on August 11, 1927, before the National Convention of the Fraternal Order of Eagles. The boxing match was to last 10 rounds, and to be conducted according to the boxing laws of the state of Wisconsin, and in accordance with certain rules promulgated by the Wisconsin State Athletic Commission. On the day and place named the boxers appeared and entered the ring. In the sixth round the referee stopped the exhibition and declared it to be "no contest."

Plaintiff originally made the Wisconsin State Athletic Commission and the Milwaukee branch of the Fraternal Order of Eagles parties defendant, but later dismissed the action as to them. The agreement between the parties was in writing and the parties agreed "that the contract referred to in the complaint be considered a part of the pleadings."

The decision in defendant's favor turned upon the court's assumption that, where parties to an agreement stipulate that a referee's decision shall be final, a successful attack thereon can only be launched by alleging *facts, not conclusions,* which, if established, would overturn the referee's decision because fraudulently reached. The material portions of the complaint are set forth below[1] The

---

[1] "7th. That in the month of August, 1927, the National Eagles' convention was held in the city of Milwaukee, and the Milwaukee Aerie No. 137 of the Fraternal Order of Eagles being

briefs of counsel are devoted almost exclusively to a consideration of the question that determined the case in the District Court.

As I understand the majority opinion, we are in accord in our conclusion respecting the sufficiency of the allegations of the complaint to show a corrupt and wrongful control or mastery of the referee. While the pleader was unfortunate in substituting modifying and parenthetical clauses for declarative sentences, it seems to me that he alleged sufficient facts which, if proven, would nullify the ruling of the referee.

But my associate raises a different and more serious question when he says in the majority opinion, speaking of the wrongful action of the referee and a member of the Wisconsin Athletic Commission: "It is not claimed that they were the agents for, or under the control of, the defendant or that defendant profited thereby."

With this statement I cannot agree and the disagreement is fundamental. This statement seems to me to be unsound as a matter of fact and unsound as a matter of law.

Plaintiff alleges in the seventh paragraph of his complaint that:

"In the month of August, 1927, the National Eagles' convention was held in the city of Milwaukee, and the Milwaukee Aerie No. 137 * * * being desirous of staging a boxing contest between your plaintiff and one Myron Mitchell, entered into an agreement with the defendant Wisconsin Boxing

desirous of staging a boxing contest between your plaintiff and one Myron Mitchell, entered into an agreement with the defendant Wisconsin Boxing Club wherein and whereby the Wisconsin Boxing Club was to enter into a contract with your plaintiff and the said Myron Mitchell, in behalf of and for the benefit of the defendant the Milwaukee Aerie No. 137, of the Fraternal Order of Eagles, for the staging of a boxing contest to be held in the city of Milwaukee on the 11th day of August, 1927.

"8th. That pursuant to the said agreement between the defendant the Wisconsin Boxing Club and the defendant the Milwaukee Aerie No. 137 of the Fraternal Order of Eagles, the Wisconsin Boxing Club did enter into a written agreement with your plaintiff on the 5th day of July, 1927, wherein the Wisconsin Boxing Club guaranteed to pay your plaintiff the sum of ten thousand ($10,000) dollars, in consideration of your plaintiff engaging in a boxing contest with Myron Mitchell on the 11th day of August, 1927, in the city of Milwaukee. That said agreement between your plaintiff and the Wisconsin Boxing Club also provided rules and regulations under which said boxing contest was to be staged.

"9th. That on the 11th day of August, 1927, your plaintiff appeared in the boxing ring at the time designated in said contract, and proceeded to box with said Myron Mitchell according to the rules and regulations of the boxing laws of the state of Wisconsin, and while your plaintiff was fulfilling his contract, and boxing the said Myron Mitchell, and complying with all the rules and provisions of the aforesaid contract, and all the rules and regulations of the Wisconsin State Athletic Commission, and during the sixth round of said contest, and notwithstanding the fact that plaintiff had not violated any °rule or term of the aforesaid contract, the said Victor Manhart, who is a member of the defendant Wisconsin State Athletic Commission, and who is also Secretary of the defendant the Milwaukee Aerie No. 137 of the Fraternal Order of Eagles, without cause, and without justification, and solely for the purpose of preventing your plaintiff from coming into possession of the ten thousand ($10,000.00) dollars which was due him under the terms of the contract, and in order to divert the said sum due your plaintiff under said contract, induced and ordered the referee in charge of refereeing said contest to

wrongfully and without cause, and in violation of your plaintiff's contract aforesaid, and in violation of the rules of the Wisconsin State Athletic Commission to stop said contest, declaring same terminated and calling same 'no contest.'

"10th. That pursuant to said wrongful act of the said Victor Manhart, and by reason of his said order, the said referee in charge of said boxing contest did without legal cause, and without just reason, terminate and end said boxing match, and declare the same 'no contest,' thereby wrongfully purporting to render a decision depriving your plaintiff of the compensation provided for to be paid him according to the aforesaid contract, and the said act of the said referee was a direct violation, and breach of your plaintiff's contract, and was made without just cause, and for the purpose of depriving the plaintiff of his rights and benefits under said contract, and of the compensation due him.

"11th. That the said sum of ten thousand ($10,000.00) dollars was as plaintiff is informed and verily believes deposited by the defendant, the Milwaukee Aerie No. 137 of the Fraternal Order of Eagles, with the defendant Wisconsin Boxing Commission, under and pursuant to an arrangement whereby the same should be paid to your plaintiff when he had complied with the terms of the aforesaid contract.

"12th. That the said defendant Wisconsin State Athletic Commission, wrongfully and in violation of said contract refused to pay said money to the plaintiff, and refused to comply with the terms of the aforesaid contract, and the defendant, the Wisconsin Boxing Club and the defendant, the Milwaukee Aerie No. 137 of the Fraternal Order of Eagles, wrongfully, and in breach of said contract refused to pay said plaintiff the said sum of ten thousand dollars ($10,000.00) due under the terms of said contract, which they caused to be violated as herein set forth.

"13th. That as plaintiff is informed and believes, the defendant, the Wisconsin State Athletic Commission of Wisconsin, is holding the said sum of ten thousand ($10,000.00) dollars, solely as a depository, between the other parties to the action, that the said Wisconsin State Athletic Commission, has and claims no interest or right in the said fund of any kind, and is ready to turn the same over according to law, and in accordance with the decision of this court."

Club wherein and whereby the Wisconsin Boxing Club was to enter into a contract with your plaintiff [and the said Myron Mitchell, *in behalf of and for the benefit of* the defendant the Milwaukee Aerie No. 137, of the Fraternal Order of Eagles, for the staging of a boxing contest to be held in the city of Milwaukee on the 11th day of August, 1927."

In view of these allegations, how can defendant avoid the consequences of the wrongful action of the Fraternal Order of Eagles?

In order to better understand these allegations it is necessary to read chapter 169 of the Wisconsin Statutes. Under this act of the Wisconsin Legislature, all boxing matches were to be supervised and controlled by a board which issues licenses to referees and to boxing clubs: Only licensed boxing clubs could offer such boxing exhibitions and licensed referees only could officiate. The Fraternal Order of Eagles was not permitted to conduct the exhibition. It could, and it did, arrange with defendant to contract with the plaintiff. Defendant was the agent of the Fraternal Order of Eagles. The latter deposited the $10,000 and this sum of money is still being held, according to the allegations of the complaint, to await the outcome of this litigation. The complaint alleges that the principal officer of the Fraternal Order of Eagles was also a member of the Wisconsin Athletic Commission and it was he who wrongfully exerted his control over the referee and stopped the contest. The boxing match was therefore stopped by the defendant's principal for the Fraternal Order of Eagles acted necessarily through its officers.

We therefore, have a case where A, protected by a binding agreement with B, makes a contract for personal services with C. Performance of the contract by C was to be determined by a referee, R. May C recover of A for a breach occasioned by B's corruptly influencing R? An affirmative answer would seem unavoidable. It is true A did not interfere with the referee, but A's principal, B, improperly influenced him.

Did the defendant profit thereby? It is not necessary that the defendant should profit by the breach. The vital question is, was plaintiff damaged by the breach? Incidentally it might be added that the Fraternal Order of Eagles profited by the breach.

Defendant's position is somewhat similar to that of a stakeholder who, for its principal, agrees to pay a sum of money upon the completion of services to be rendered by the other party. It would not be seriously contended that a stakeholder could avoid liability by merely showing that its principal, rather than itself, prevented the other party from carrying out its agreement.

The damages sought are neither too remote nor speculative. Hankins v. Ottinger, 115 Cal. 454, 47 P. 254, 40 L. R. A. 78; Watson v. Ambergate R. Co., 15 Jur. 448; Ft. Worth & D. C. R. Co. v. Willie S. & J. B. Ikard Co. (Tex. Civ. App.) 140 S. W. 502; Chaplin v. Hicks, 2 K. B. 786; Adams Exp. Co. v. Egbert, 36 Pa. 360, 78 Am. Dec. 382; Mathesius v. Brooklyn Heights R. Co. (C. C.) 96 F. 792; 1 Suth. on Damages, § 71.

I think the judgment should be reversed.